[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 8, 2007
THOMAS K. KAHN
CLERK

No. 07-10516
Non-Argument Calendar

_____

D. C. Docket No. 06-00055-CV-3-EMT

MICHAEL L. WEATHERSPOON,

Plaintiff-Appellant,

versus

BAPTIST HOSPITAL, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(August 8, 2007)**

Before ANDERSON, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Michael L. Weatherspoon appeals <u>pro</u> <u>se</u> the district court's order granting

summary judgment to Baptist Hospital ("the Hospital") in this employment discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a).  After review, we affirm.[1]

Weatherspoon, who is black, worked for the Hospital as a medical technologist.  In March 2005, Weatherspoon was terminated after his supervisor smelled alcohol on his breath and a test revealed that Weatherspoon had a blood-alcohol level over the .08 limit set by the Hospital's drug and alcohol policy.

In a circumstantial evidence case such as Weatherspoon's, the plaintiff has the initial burden on summary judgment to present evidence that: "(1) [he] is a member of a protected class; (2) [he] was subjected to an adverse employment action; (3) [his] employer treated similarly situated employees outside of [his] protected class more favorably than [he] was treated; and (4) [he] was qualified to do the job."  Burke-Fowler v. Orange County, 447 F.3d 1319, 1323 (11th Cir. 2006).  The district court granted summary judgment after concluding that Weatherspoon failed to establish the third prong of his prima facie case, that is, he failed to present evidence that the Hospital had treated similarly situated employees who were not black more favorably.[2]

---

[1]We review a grant of summary judgment de novo.  Brooks v. County Comm'n of Jefferson County, Ala., 446 F.3d 1160, 1162 (11th Cir. 2006).

[2]The district court alternatively concluded that Weatherspoon failed to show that the Hospital's legitimate, nondiscriminatory reason for terminating him – Weatherspoon's violation of

Our de novo review of the record confirms the district court's conclusion. Weatherspoon presented no evidence of other employees who violated the drug and alcohol policy and were not fired. Furthermore, the Hospital presented evidence that it had fired other hospital employees for violating the drug and alcohol policy, including one white employee who, like Weatherspoon, was fired following a positive blood alcohol test conducted at the hospital. Accordingly, the district court properly granted summary judgment.

Weatherspoon also claims that the Hospital violated unspecified federal laws and the Florida Drug-Free Workplace Act in its handling of his blood test results. We decline to address these issues, which were not raised in the district court. Narey v. Dean, 32 F.3d 1521, 1526 (11th Cir. 1994).

**AFFIRMED.**

---

the drug and alcohol policy – was pretext. Because we conclude that Weatherspoon failed to establish his prima facie case, we need not address this alternative ground for granting summary judgment.